UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY DAVIS,<br><br>   Petitioner,<br><br>  vs.<br><br>MULE CREEK STATE PRISON,<br><br>   Respondent. | CASE NO. EDCV 14-01831 MMM (SS)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge to which no objections were filed. The court concurs with and accepts the findings and conclusions of the Magistrate Judge, and supplements them as set forth herein.

  The court also notes that while petitioner's mental health report indicates that he suffers from dementia, psychosis, and has a GAF of 45,[1] petitioner has made no showing that he is entitled to equitable tolling on the basis of mental impairment. The Ninth Circuit has "articulated a two-part test to determine whether a mental impairment amounts to an 'extraordinary circumstance' warranting equitable tolling. *Forbess v. Franke*, 749 F.3d 837, 840 (9th Cir. 2014). "The impairment must have (1) been 'so severe that the petitioner was unable personally . . . to understand the need to timely file . . . a habeas petition,' and (2) 'made it impossible under the totality of the circumstances to meet the

---

[1] See Notice of Additional Material Relevant to Support a Potential Claim for Equitable Tolling, Docket No. 21 (Nov. 10, 2014) at 2.

filing deadline despite petitioner's diligence.'" *Id*. (quoting *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010)). The "totality of the circumstances inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay." *Bills*, 628 F.3d at 1100. "The petitioner [ ] always remains accountable for diligence in pursuing his or her rights." *Id.*

Here, despite being directed to file opposition to respondent's motion to dismiss on two separate occasions, petitioner has failed to file *any response*; indeed, as of this date, more than seven months following Judge Sagar's first order directing petitioner to file opposition, petitioner has file no responsive pleading. As a result, petitioner has failed to make any showing that any purported mental impairment is "so severe that [he] was unable personally . . . to understand the need to timely file . . . a habeas petition" and that the impairment "made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence." Accordingly, the court concludes that petitioner has not demonstrated his entitlement to equitable tolling on the basis of mental impairment. See, e.g., *Ofeldt v. Nevada Dep't of Corrections*, __ Fed. Appx. __, 2015 WL 2337312, *1 (9th Cir. May 15, 2015) (Unpub. Disp.) ("'A petitioner seeking equitable tolling bears the burden of showing both that there were extraordinary circumstances, and that the extraordinary circumstances were the cause of his untimeliness.' Ofeldt failed to meet this burden. First, Ofeldt failed to present medical evidence establishing that he suffered from a severe mental impairment during the relevant period of time. . . . Secondly, Ofeldt failed to plead facts demonstrating that his mental illness 'made it impossible under the totality of the circumstances to meet the filing deadline despite [his] diligence.' Ofeldt argued his mental illness caused his delay. However, the record indicates Ofeldt untimely filed his petition because he was not aware of some claims he could pursue in post-conviction relief. This lack of awareness does not entitle Ofeldt to equitable tolling. AFFIRMED" (citations omitted)); *Stanfield v. Frink*, No. CV 12-45-BU-DLC-CSO, 2015 WL 809464, *2 (D. Mont. Feb. 25, 2015) ("Here, Stanfield fails to show that but for his mental impairment, he would have timely filed his petition. Stanfield presents no evidence to the Court that his mental impairment 'interfere[d] with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.' The evidence provided by Stanfield does, arguably, suggest some level of mental impairment. However, as Judge Ostby discussed in her Findings and Recommendation, the mere

existence of a mental impairment, by itself, does not warrant equitable tolling. Stanfield must demonstrate how his mental impairment prevented him from understanding the need to timely file or how his mental impairment prevented him from preparing his habeas petition, with or without assistance. Stanfield fails to do so. Additionally, Stanfield does not show that he pursued his claims diligently during the period preceding the deadline for filing his petition. There is no evidence in the record showing that Stanfield's mental impairment caused his delayed filing" (citations omitted)); *Stone v. Knipp*, No. 2:11-cv-1605 KJN P, 2011 WL 5526417, *8 (E.D. Cal. Nov. 14, 2011) ("Petitioner has alleged no facts demonstrating a causal connection between his alleged mental illness and his inability to file a timely petition. 'Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling.' Here, petitioner failed to allege how his condition interfered with his ability to timely file the instant petition. Petitioner presented no evidence about what he did in an attempt to be diligent in protecting his rights. Thus, petitioner has not shown that he acted diligently. The medical records provided demonstrate that petitioner suffers from auditory hallucinations and a serious mental illness. However, petitioner's conclusory statement that he suffers from mental illness and receives mental health care while incarcerated is insufficient to demonstrate that petitioner is entitled to equitable tolling for the over five year delay in filing the instant petition. Accordingly, this court finds that petitioner has failed to demonstrate that he is entitled to equitable tolling, and respondent's motion to dismiss is granted," citing *Taylor v. Knowles*, No. CIV S-07-2253 WBS EFB P, 2009 WL 688615, *6 (E.D. Cal. Mar. 13, 2009), aff'd, 368 Fed. Appx. 796 (9th Cir. Mar. 2, 2010) (Unpub. Disp.) (no equitable tolling where petitioner failed to show his auditory hallucinations, severe depression, and anxiety "actually caused him not to be able to file despite his diligence")).

      The court further notes that, by failing to file any responsive pleading despite being given several opportunities to do so, petitioner has failed to demonstrate that he is entitled to equitable tolling based on a claim of actual innocence, despite the fact that he asserts "I am innocent."[2] "In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient

---

[2] See Request for Appointment of Counsel, Docket No. 24 (Jan. 9, 2015) at 1.

proof of his actual innocence to bring him 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

To pass through the *Schlup* gateway, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence, *Schlup*, 513 U.S. at 327; the United States Supreme Court has noted that the exacting standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup*, 513 U.S. at 327). "[T]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013). "Where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that cannot be enough to pass through the *Schlup* gateway to allow consideration of otherwise barred claims." *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) (en banc) (citing *Carriger v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc)).

Petitioner proffers *no new evidence* demonstrating that he is actually innocent; he cites no new evidence in his petition and, by failing to respond to respondent's motion to dismiss, he has adduced no evidence from which the court could conclude that this case falls "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Lee*, 653 F.3d at 937. Accordingly, the court concludes that the petition is untimely and that petitioner is not entitled to equitable tolling under *Schlup*. See *Butler v. Los Angeles County Probation Dep't*, No. CV 13-4941 JC, 2014 WL 814525, *6-7 (C.D. Cal. Mar. 3, 2014) ("Here, petitioner has submitted no new, reliable evidence to cast doubt on her conviction to permit the Court to consider her otherwise time-barred claims. Petitioner has not submitted any declarations from alleged witnesses Rita Gilman, Ernest Bright and John Franklin to suggest how these witnesses would testify, in any way, that would suggest that petitioner is actually innocent. . . . For these reasons, petitioner's is simply not one of the extraordinary cases meriting review of petitioner's claims under the actual innocence exception to the statute of limitations" (citations omitted)); *Jaime v. Harman*, No. EDCV 11-01827 SS, 2012 WL 1463545, *6 (C.D. Cal. Apr. 27, 2012) ("To enter the *Schlup* actual innocence gateway, '[t]he evidence of innocence must be so strong that a

court cannot have confidence in the outcome of the trial.' Petitioner, however, cites to no evidence at all, much less new evidence, to support his bald assertion of actual innocence. Without any supporting evidence, Plaintiff fails to undermine confidence in the disciplinary board's findings, which were based on a laboratory analysis that confirmed that the contraband removed from under Petitioner's pillow was heroin. Thus, the Court concludes that Petitioner cannot pass through the *Schlup* gateway to excuse the untimeliness of his Petition" (citation omitted)); *Gurnsey v. California*, No. 1:07-CV-1462 AWI TAG HC, 2008 WL 1925228, *2 (E.D. Cal. Apr. 30, 2008) ("In *Schlup*, the Supreme Court cautioned that to be credible, a claim of actual innocence requires the 'petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.' Here, Petitioner has presented no evidence of his innocense. Merely asserting that he is innocent is insufficient. Thus, the possible exception to the statue of limitations for actual innocense is not available to Petitioner" (citation omitted)); see also *Hunt v. Kernan*, No. CV 98-5280 AHS (AN), 2008 WL 2446064, *3 (C.D. Cal. June 17, 2008) ("The Supreme Court's evolving focus on 'new reliable evidence' not presented at a petitioner's trial is no accident. Absent such new reliable evidence, a federal habeas court does not need to engage in speculation as to what a hypothetical, reasonable juror would do based upon the existing record. This is because the reviewing court already knows twelve real jurors actually found the existing record established the petitioner was guilty beyond a reasonable doubt. Hunt ignores this rather obvious point in making his first objection").

      Accordingly, IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

      IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and counsel for Respondent.

DATED: July 10, 2015

                                          MARGARET M. MORROW
                                          UNITED STATES DISTRICT JUDGE